UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL LEE CARPENTER,

   Plaintiff,

   v.

WA. DOC DOCTOR JOHN DOE 1, *et al.*,

   Defendants.

CASE NO. 3:22-cv-05020-RJB-JRC

SECOND ORDER TO SHOW CAUSE OR AMEND PROPOSED COMPLAINT

This matter is before the Court on referral from the District Court and on plaintiff's motion to proceed *in forma pauperis* ("IFP"). Dkt. 5.

Under 28 U.S.C. §§ 1915(e) and 1915A, the Court screens complaints such as plaintiff's proposed complaint to determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Here, the complaint fails to plausibly allege deliberate indifference by defendants and also fails to provide specific enough information for the Court to serve the complaint, even if it included viable claims.

1    The Court will again offer plaintiff an opportunity to amend his proposed complaint to
2    correct the deficiencies identified in this Order. If plaintiff chooses to do so, he must file his
3    amended proposed complaint on the Court's form on or before **March 18, 2022**. Failure to do so
4    or to comply with the Court's Order will result in dismissal of this matter without prejudice.
5    Plaintiff should be aware that should the Court grant his IFP motion, he would be
6    required to make partial payments toward the $350 filing fee. Because at present, it does not
7    appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to
8    rule on his IFP motion at this time. So, plaintiff has not yet incurred this expense.
9    Instead, the Clerk shall renote the IFP motion for the Court's consideration on March 18,
10   2022. Thus, if plaintiff chooses not to proceed with this case, he will not be required to make
11   partial payments toward the $350 filing fee, which is what he would be required to pay if the
12   Court granted plaintiff's request for IFP status at this time.

**DISCUSSION**

14   Plaintiff seeks to bring suit against two unidentified DOC doctors under 42 U.S.C. §
15   1983, for violation of the Fifth and Eighth Amendments. Dkt. 5, at 4.
16   Previously in this matter, plaintiff named DOC as a defendant, and the Court issued a
17   show cause order informing plaintiff that his suit against a state agency under § 1983 was not
18   viable. *See* Dkt. 4. Plaintiff's amended proposed complaint now states that the basis for his
19   claims is that in 2006 and 2015, two unidentified DOC doctors prescribed him opioid medication
20   and "misinformed" plaintiff that the drugs were not addictive. Dkt. 5, at 5. Plaintiff alleges that
21   in fact, he became addicted to these medications after his first use, developing an opioid use
22   disorder that culminated with his overdosing on opioids in May 2021, revocation of his
23   probation, and his return to prison. Dkt. 5, at 5.
24

1  Two issues prevent the Court from granting plaintiff's motion to proceed IFP and
2  directing service of his amended proposed complaint at this time.  First, plaintiff alleges that the
3  doctors misinformed him about the opioids' addictive nature because they told him that opioids
4  were not addictive, yet plaintiff became addicted to them.  Dkt. 5, at 5.  To prevail on a claim of
5  deliberate indifference in this regard, plaintiff must plead plausibly factual allegations that if
6  true, would amount to deliberate indifference by each doctor to plaintiff.  Plaintiff must allege
7  that defendants were "deliberately indifferent" to a substantial risk of harm—specifically, they
8  must have known of and disregarded facts from which an inference of a substantial risk of
9  serious harm to plaintiff existed.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Moreover, a
10 plaintiff cannot prevail on such a claim by alleging facts that amount to negligence or medical
11 malpractice.  "Medical malpractice does not become a constitutional violation merely because
12 the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or
13 omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."
14 *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

15  Here, however, plaintiff simply alleges that doctors told him that the opioids were not
16 addictive, when they were.  He does not allege particular facts from which it can be inferred that
17 the doctors were more than merely negligent or that they should have been aware that plaintiff
18 was likely to become addicted to opioids and nevertheless prescribed the medication, anyway, in
19 spite of that risk.  In comparable circumstances, district courts have ruled that there is no Eighth
20 Amendment violation.  *See, e.g.*, *Murillo v. Thornton*, No. 07-CV-0197 W POR, 2008 WL
21 110899, at *4 (S.D. Cal. Jan. 9, 2008) (a failure to inform a prisoner of medication side effects
22 was not actionable under section 1983); *see also Alston v. Bendheim*, 672 F. Supp. 2d 378, 384

(S.D.N.Y. 2009) (rejecting claim of deliberate indifference by a doctor who allegedly did not inform prisoner of prescription drug's addictive properties).

The second issue with plaintiff's amended proposed complaint is that he identifies only "John Doe" defendants. The Court cannot serve these defendants without specific enough information to identify them. If the Court cannot serve these defendants, it cannot obtain jurisdiction over them. Thus, if plaintiff wishes to proceed with this action, he must provide the Court with more specific identifying information for the defendant. Absent such information, the Court will have no option but to recommend dismissal of this action. *Accord* Dkt. 7, at 2, *Rawlins v. Doe*, 2:19-cv-00542-JCC-SKV (W.D. Wash. May 10, 2019).

## CONCLUSION AND DIRECTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a signed and dated amended complaint and within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) each constitutional right or statute that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case

number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **March 18, 2022**, the undersigned will recommend dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(e).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a copy of this Order. And the Clerk's Office shall renote the motion to proceed *in forma pauperis* (Dkt. 1) for March 18, 2022.

Dated this 16th day of February, 2022.

J. Richard Creatura
Chief United States Magistrate Judge